(111 App. Div. 616)

### DWIGHT v. LAWRENCE.

(Supreme Court, Appellate Division, First Department. March 9, 1906.)

1. APPEAL—QUESTIONS REVIEWABLE.

Whether or not the interests of certain parties to a partition suit are properly defined by the decree is immaterial on an appeal in which they do not appear as appellants, and in which the interest of appellant is in no way affected by the interests of such other parties.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 3584–3590.]

2. PARTITION—JUDGMENT—PARTIES CONCLUDED.

Under Code Civ. Proc. § 1557, providing that a judgment in partition is conclusive upon each person claiming through a party to the suit, and section 1577, providing that, if a partition sale is confirmed, the judgment is binding upon the same persons by whom a final judgment of partition is made binding by section 1557, a judgment in partition, in which all of the parties who at that time had any interest in the property were before the court was sufficient to give the purchaser at the sale a good title, although there might thereafter be unborn children who might have an interest in a part of the estate held as executor and trustee by a party to the suit.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Partition, §§ 51, 393.]

Appeal from Special Term, New York County.

Action by Julia L. Dwight against Edgar V. Lawrence and others. From a judgment for plaintiff, the defendant named and others appeal. Affirmed.

See 90 N. Y. Supp. 970.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, LAUGHLIN, and HOUGHTON, JJ.

Charles L. Hoffman, for appellant.

De Lagnel Berier, for respondent.

W. H. Van Steenbergh, guardian ad litem of infant defendant, Katherine R. Neumann.

PER CURIAM. The judgment appealed from must be affirmed. It properly directs a sale of the property affected. It is perfectly obvious, under the proofs presented, that an actual partition could not be made so as to do justice to all of the parties interested. Under the judgment appealed from, the plaintiff is entitled to an undivided one-fourth interest, the appellant individually, and as sole heir at law of Samuel R. Lawrence, who has died since the appeal was taken, is entitled to an undivided one-half interest, and the remaining one-fourth interest is held by Gaines Lawson as executor and trustee under the last will and testament of Laura Lawson, deceased, in trust to pay the income therefrom, one half to the defendant Katherine L. Neumann during her life, and the other half to Lawrence M. Lawson during his life. The defendants Katherine L. Neumann, Lawrence M. Lawson, and the infant defendant, Katherine R. Neumann, have an interest, either vested or contingent, in this remainder; but it is immaterial whether or not such interest be correctly stated in the judgment, inasmuch as none of them have appealed therefrom, and this part of the judgment in no way affects or concerns the appellant. It is sufficient to say that a purchaser upon the sale will obtain good title, inasmuch as there are now before the court all of the parties who at the present time have any interest in the subject-matter of the sale. Sections 1557, 1577, Code Civ. Proc. The fact that there may hereafter be unborn children who might have an interest in the one-fourth interest, or some part thereof now held by Gaines Lawson as executor and trustee, could not affect the title, because "the persons first entitled to which, or virtual representatives whereof," are parties to the action. Subdivision 3, § 1557, Code Civ. Proc. The only appellant is Edgar V. Lawrence.

The plaintiff, after deducting the costs and expenses of the sale, will be entitled to one-fourth of the proceeds, the appellant to one-half, and the defendant Gaines Lawson, as executor and trustee under the last will and testament of Laura Lawson, to the remaining one-fourth; the same to be held by him in trust, and to be disposed of in accordance with the terms of such will.

The judgment appealed from, therefore, is affirmed, with costs to the respondent.